

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Naazneen Khan*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-353-6016*
*Facsimile: 973-645-4546*

June 21, 2021

Linda Foster, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, NJ 07102

21-602

Re: <u>Plea Agreement with Joseph Rubino</u>

Dear Ms. Foster:

This letter sets forth the plea agreement between your client, Joseph Rubino ("RUBINO"), and the United States Attorney for the District of New Jersey ("this Office"). This plea offer expires on July 9, 2021.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from RUBINO to a two-count Information charging him with: (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count One) and (2) illegally possessing firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Two).

If RUBINO enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RUBINO for, on or about July 24, 2019, in Essex County, New Jersey, possession with intent to distribute marijuana and the illegal possession of firearms and ammunition. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, RUBINO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by RUBINO may be commenced against him,

notwithstanding the expiration of the limitations period after RUBINO signs the agreement.

## Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) to which RUBINO agrees to plead guilty carries a statutory maximum prison sentence of 5 years, a fine equal to the greatest of: (1) $250,000, or (2) twice the gross profits or other proceeds to RUBINO.

The violation of 18 U.S.C. § 922(g)(1) to which RUBINO agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on Count One may run consecutively to any sentence imposed on Count Two. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on RUBINO, the sentencing judge: (1) will order RUBINO to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order RUBINO to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) with respect to Count Two, must order forfeiture pursuant to 18 U.S.C. § 924; (4) with respect to Count One, must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and (5) with respect to Count One, may deny RUBINO certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

With respect to Count One, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require RUBINO to serve a term of supervised release of at least two years', which will begin at the expiration of any term of imprisonment imposed. Should RUBINO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RUBINO may be sentenced to not more than one years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

With respect to Count Two, pursuant to 18 U.S.C. § 3583, the sentencing judge may require RUBINO to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should RUBINO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RUBINO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RUBINO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RUBINO's activities and relevant conduct with respect to this case.

### Stipulations

This Office and RUBINO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or RUBINO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RUBINO waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

RUBINO agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses set forth in Count One of the Information, and pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the commission of the offenses referenced in Count Two of the Information, including but not limited to:

1. An Intratec Arms Model TEC-DC9 semi-automatic assault handgun, bearing serial number D062728, with threaded barrel attachment;

2. A Cobray Arms Mac-11 9mm semi-automatic assault pistol, bearing serial number 89-0057884, with a high capacity magazine;

3. A loaded Smith & Wesson M&P pistol, bearing serial number HLJ4405;

4. Two (2) sawed-off double-barrel shotgun barrels;

5. An assault rifle sight;

6. A stripped AR-15 bolt carrier;

7. Various ammunition including, but not limited to: a high-capacity magazine with twelve (12) 9mm solid point cartridges, a 9mm hollow point cartridge; a 7.62mm rifle cartridge, an FC 9mm Luger cartridge, four (4) 9mm solid point cartridges, and two (2) 9mm luger hollow point cartridges;

8. A Keltec CMR30 .22 caliber semi-automatic rifle, bearing serial number Y3Z02, loaded with sixteen (16) .22 caliber hollow-point cartridges;

9. A Keltiec PF9 9mm semi-automatic handgun, bearing serial number SZ968;

10. A High Standard Derringer .22 caliber double-barrel handgun, bearing serial number 2038167;

11. A Polymer 80 9mm semi-automatic handgun, bearing serial number STS00147;

12. An RG .22 caliber revolver, bearing serial number 176542;

13. An Ithaca M-66 20-gauge single shotgun, bearing serial number 660037422;

14. A Remington Model 700 .223 caliber bold action rifle with scope, bearing serial number G7017868;

15. A Thompson Center .50 caliber muzzle-loading rifle with scope, bearing serial number 110545;

16. A Remington Model 870 Wingmaster 12-gauge pump shotgun, bearing serial number S031228V;

17. A New England Firearms 20-gauge single shot shotgun, bearing serial number NH247500;

18. A Remington Model 760 .300 Savage pump rifle, bearing serial number 217690;

19. A Glenfield Mod 60 .22 LR caliber semi-automatic rifle, bearing serial number 23434391;

20. An assault rifle of unknown make/model;

21. A handgun of unknown make/model;

22. Approximately 4 high-capacity magazines;

23. Approximately sixty (60) silencer tubes and baffles;

24. Various additional ammunition and firearms parts;

25. An East Coast Machine and Tool grenade launcher, and;

      26.      A ballistic vest.

RUBINO acknowledges that the above-referenced property (the "Forfeitable Property") is subject to forfeiture as firearms or ammunition involved in or used in any knowing violation of or, pursuant to Title 21, United States Code, Section 853, as property constituting or derived from proceeds obtained as a result of, or used or intended to be used in any manner or part to commit and to facilitate the commission of, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

RUBINO further agrees to consent to the immediate entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. RUBINO understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. RUBINO hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

RUBINO consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property; and (2) any additional notice requirement in connection with the forfeiture and abandonment of the Forfeitable Property.

## Immigration Consequences

RUBINO understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. RUBINO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RUBINO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. RUBINO understands that he is bound by his guilty plea regardless of

any immigration consequences of the plea. Accordingly, RUBINO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RUBINO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against RUBINO.

No provision of this agreement shall preclude RUBINO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that RUBINO received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between RUBINO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL HONIG
Acting United States Attorney

By: _____
NAAZNEEN KHAN
Assistant U.S. Attorney

APPROVED:

_____
JAMEL SEMPER
Chief, Organized Crime and Gangs

I have received this letter from my attorney, Linda Foster, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


s/ Joseph Rubino                                    Date: 6/25/21
Joseph Rubino



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


[signature]                                          Date: 6/25/21
Linda Foster, Esq.
Attorney for Joseph Rubino

Plea Agreement With Joseph Rubino

Schedule A

This Office and RUBINO agree to stipulate to the following:

1. On or about July 24, 2019, RUBINO did knowingly and intentionally possessed a mixture or substance containing a detectable amount of marijuana.

2. RUBINO possessed the marijuana with the intent to distribute same.

3. On or about May 12, 2000, RUBINO was convicted of two counts of passing bad checks in Sussex County, New Jersey and was sentenced to three years of probation.

4. RUBINO was aware that these crimes were punishable by imprisonment for a term in excess of one year.

5. RUBINO was aware that, as a convicted felon, he was not permitted to be in possession of a firearm or ammunition.

6. On or about July 24, 2019, RUBINO did knowingly possess in and affecting interstate commerce, the following:

    a. An Intratec Arms Model TEC-DC9 semi-automatic assault handgun, bearing serial number D062728, with threaded barrel attachment;

    b. A Cobray Arms Mac-11 9mm semi-automatic assault pistol, bearing serial number 89-0057884, with a high capacity magazine;

    c. A loaded Smith & Wesson M&P pistol, bearing serial number HLJ4405;

    d. Two (2) sawed-off double-barrel shotgun barrels;

    e. Various ammunition including, but not limited to: a high-capacity magazine with twelve (12) 9mm solid point cartridges, a 9mm hollow point cartridge; a 7.62mm rifle cartridge, an FC 9mm Luger cartridge, four (4) 9mm solid point cartridges, and two (2) 9mm luger hollow point cartridges;

    f. A Keltec CMR30 .22 caliber semi-automatic rifle, bearing serial number Y3Z02, loaded with sixteen (16) .22 caliber hollow-point cartridges;

    g. A Keltiec PF9 9mm semi-automatic handgun, bearing serial number SZ968;

    h. A High Standard Derringer .22 caliber double-barrel handgun, bearing serial number 2038167;

    i. A Polymer 80 9mm semi-automatic handgun, bearing serial number STS00147;

    j. An RG .22 caliber revolver, bearing serial number 176542;

    k. An Ithaca M-66 20-gauge single shotgun, bearing serial number 660037422;

    l. A Remington Model 700 .223 caliber bold action rifle with scope, bearing serial number G7017868;

    m. A Thompson Center .50 caliber muzzle-loading rifle with scope, bearing serial number 110545;

    n. A Remington Model 870 Wingmaster 12-gauge pump shotgun, bearing serial number S031228V;

    o. A New England Firearms 20-gauge single shot shotgun, bearing serial number NH247500;

    p. A Remington Model 760 .300 Savage pump rifle, bearing serial number 217690;

    q. A Glenfield Mod 60 .22 LR caliber semi-automatic rifle, bearing serial number 23434391;

    r. An assault rifle of unknown make/model;

    s. A handgun of unknown make/model; and

    t. Approximately 4 high-capacity magazines.

   7. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

   8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence of 61 to 70 months is reasonable, and the parties further agree not to seek or argue for a sentence above or below 61 to 70 months.

       9. RUBINO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is within 61 to 70 months' imprisonment. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is within 61 to 70 months' imprisonment. Furthermore, if the sentencing court imposes a sentence consistent with the agreed upon sentence set forth in this paragraph, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

       10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.